GENERAL PHONOGRAPH CORPORATION
v. FANNING.

In re INDEPENDENT CABINET CO.

(Circuit Court of Appeals, Third Circuit.
June 8, 1925.)

No. 3207.

Bankruptcy ⊙‚212—Proof in reclamation proceeding must be sufficient to sustain an action in replevin.

To sustain a reclamation proceeding, the claimant must affirmatively establish his own right to possession by proving ownership, absolute or qualified, by allegations and proof sufficient, according to the strictest practice, to sustain an action in replevin.

Appeal from the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

In the matter of the Independent Cabinet Company, bankrupt; A. C. Fanning, trustee. The General Phonograph Corporation appeals from an order denying its petition for reclamation. Affirmed.

David W. Kahn, of New York City, for appellant.

Mortimer C. Rhone and Clarence L. Peaslee, both of Williamsport, Pa., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and MORRIS, District Judge.

WOOLLEY, Circuit Judge. This is an appeal from an order of the District Court affirming the report of a master and denying a petition for reclamation. The Independent Talking Machine Company and the Independent Cabinet Company were New York corporations closely enough related to have one man as president for both concerns. The Talking Machine Company, with an office in New York City, was engaged in the sale of phonographs manufactured mainly by the Cabinet Company. The Cabinet Company, with a plant at Canton, Pennsylvania, manufactured phonographs mainly for the Talking Machine Company. Between these two companies there was a running contract under which the Cabinet Company manufactured phonographs for the account and shipped under the directions of the Talking Machine Company, and the Talking Machine Company supplied the Cabinet Company with motors,—a phonograph part,—charged them against the Cabinet Company and deducted the price thereof from the amount due on delivery of the completed phonographs.

In order to carry out its part of the arrangement, the Talking Machine Company, in 1919, entered into a contract with the General Phonograph Corporation, a New York corporation engaged in the manufacture of phonograph parts, for 36,000 motors to be shipped in about equal monthly installments during the year 1920 to the Cabinet Company at Canton, Pennsylvania. Pursuant to this contract several shipments were made, including a carload of 3,000 motors on July 31, 1920. These motors were billed to the Talking Machine Company, were received by the Cabinet Company and several hundred used, and a charge was entered against the Cabinet Company on the books of the Talking Machine Company in August for what appears to be the July consignment. This was the last delivery under the contract.

On a petition in bankruptcy filed in the District Court of the United States for the Southern District of New York in January, 1921, the Talking Machine Company went into bankruptcy; and in February, 1921, on a petition in bankruptcy filed in the District Court of the United States for the Middle District of Pennsylvania, the Cabinet Company followed. Receivers were appointed, and, later, trustees were elected for both bankrupts.

To the receiver and to the trustee of the Cabinet Company the General Corporation made claim to the last shipment of motors. This it did by informal correspondence and interviews extending over a period of five months, during which time, however, the trustee, on orders formally obtained and after notices formally given, made sale of all the assets of the Cabinet Company, including the motors. A month later the court confirmed the sale. A month after confirmation the General Corporation filed in the District Court a petition for reclamation, averring that the motors last consigned to the Cabinet Company were its property and had been shipped through inadvertence, in that the Talking Machine Company had not given directions for the shipment and, in fact, did not desire any motors sent. On these averments the General Corporation claimed title to the property and the right to its immediate possession and proffered (for some purpose) a stipulation entered into between its attorney and the attorney for the trustee of the Talking Machine Company,—the attorney for both parties being the same,—to the effect that the General Corporation is entitled to reclaim the motors and that any

claim the trustee of the Talking Machine Company may have to them shall be litigated before the referee in bankruptcy in charge of the proceedings in the District Court of the United States for the Southern District of New York.

The District Court referred the matter to a special master who found facts on which he made a recommendation against the allowance of the petition and, after exceptions, the court sustained the master's report and denied the petition.

The testimony taken before the master discloses running correspondence and interviews between the General Corporation and the Talking Machine Company after delivery of the last consignment of motors to the Cabinet Company and before bankruptcy of the latter two concerns. This correspondence and these interviews disclose merely that the Talking Machine Company had more motors than it wanted and that it wished to be relieved of paying for the last consignment and that the General Corporation was growing concerned about receiving payment for them. A careful reading of the record shows that the evidence amply sustains all the master's material findings of fact. They are in substance that a contract embracing the delivery in question existed between the General Corporation and the Talking Machine Company; that the contract had not been rescinded; that the last delivery to the Cabinet Company was made under the contract and constituted a sale to the Talking Machine Company; that the Talking Machine Company charged the motors on its books to the Cabinet Company pursuant to its contract with that concern; and that the General Corporation, the petitioner for reclamation, did not establish in itself either ownership of the property or otherwise a right to its possession. The latter finding is, in point of law, the center of the controversy.

A reclamation proceeding in bankruptcy is, in effect, a proceeding in rem, partaking, except for its summary character, of the legal aspects of a proceeding in replevin. It is directed against property in the possession of another, a trustee in bankruptcy, to regain which a claimant must affirmatively establish his own right to possession by proving ownership, absolute or qualified. And he must do this by allegations and proof sufficient according to the strictest practice to sustain an action in replevin.

This, the master and the learned trial court have found, the petitioner has not done. We think they were right. If we had any doubt about it we should sustain the order on the ground of the petitioner's laches. It sat by for six months and watched the orderly proceedings leading to the sale and did nothing until the property had been sold and a fund realized.

The order below is affirmed.