MARINE MIDLAND BANK *vs.* RICHARD L. HERRIOTT[1]
& another[2]
(and a companion case[3]).

Norfolk. Suffolk.   October 10, 1980. — November 24, 1980.

Present: GREANEY, ROSE, & KASS, JJ.

*Contract,* What constitutes. *Practice, Civil,* Parties. *Bankruptcy.*

In an action by a bank to recover on four notes endorsed and guaranteed
   by the defendant, who counterclaimed for damages allegedly incurred
   by reason of the bank's failure to make a "bail out" loan, summary
   judgment was correctly entered for the bank where there were no
   material issues of fact touching on the defendant's obligations on the
   notes or on the purported loan agreement which had never proceeded
   beyond the stage of imperfect negotiations.   [744-745]
Where a bank brought separate actions to recover on various notes, one
   against the guarantors of the notes and the other against the maker of
   two of the notes, the guarantors were not prejudiced by a judgment in
   the action against the maker which permitted the bank to reach and
   apply the interests of the guarantors in certain land where the actions
   had been consolidated and were argued and briefed together.
   [745-746]
This court was not required by 11 U.S.C. § 362(a)(1) (Supp III 1979) to
   stay an appeal by a debtor from a judgment against it since the appeal
   was not an action "against the debtor" but was brought by the debtor.
   [746-747]

CIVIL ACTIONS commenced in the Superior Court on
May 2, 1978.

The case were heard by *Lynch,* J., on a motion for sum-
mary judgment.

[1] Individually and as general partner of Westboro Partners (hereinafter
Westboro).

[2] THFIT, Inc., general partner of Westboro.

[3] Marine Midland Bank *vs.* The Landmark Group, Inc.

*Joseph L. Kociubes* for the plaintiff.

*Leonard M. Salter* for Westboro Partners.

*Leslie H. Rudnick,* for Richard L. Herriott & another, submitted a brief.

KASS, J. Summary judgment under Mass.R.Civ.P. 56, 365 Mass. 824 (1974), was correctly and aptly entered in an action by the plaintiff bank to recover an aggregate $1,403,000 evidenced by four demand notes, each of which the defendant Herriott endorsed and guaranteed. The suit included claims for accrued interest on each of the notes. By way of counterclaim, Herriott alleged in substance that his financial embarrassment ensued by reason of the bank's failure to make good on an understanding to lend Herriott dollars sufficient not only to discharge his debts to the bank, but to launch a new venture as well.

1. On the basis of affidavits, counter affidavits, the transcripts of depositions, and exhibits received during the course of those depositions, the judge was warranted in concluding that there were no material issues of fact among the parties touching on the defendants' obligations on the various notes or on the asserted commitment of the bank to make a "bail out" loan. On this appeal, the defendants no longer contest their obligations under the notes. As to the purported loan agreement, viewing the facts most favorably to the defendant Herriott, discussions between him and the bank never proceeded beyond the stage of imperfect negotiations. *Saxon Theatre Corp.* v. *Sage,* 347 Mass. 662, 666 (1964). *Blair* v. *Cifrino,* 355 Mass. 706, 709-710 (1969). *Tull* v. *Mister Donut Dev. Corp.,* 7 Mass. App. Ct. 626, 630-631 (1979). Significant provisions of the understanding about a new loan, as described by Herriott, remained open, e.g., the term of the loan, how it would be secured, the manner and timing of disbursements, events of default, and the manner and timing of interest payments. See *Transamerica Equip. Leasing Corp.* v. *Union Bank,* 426 F.2d 273, 274 (9th Cir. 1970). An offer by a lending institution to make a loan ordinarily comes on stage as a letter of commitment. *Coolidge Bank & Trust Co.* v. *First Ipswich*

*Co.,* 9 Mass. App. Ct. 369, 371 (1980). Such a document would be "drawn with manifest care . . . detailed in its terms as to how the money is to be advanced and repaid, with stipulations as to interest and other matters." *Springfield Y Trust* v. *Executive Director of the Mass. Housing Fin. Agency,* 369 Mass. 709, 714 (1976). Nor was there any showing that Herriott relied on the bank's promises to make a loan, had such promises been made. *Tull* v. *Mister Donut Dev. Corp.,* 7 Mass. App. Ct. at 631. See *Fischer Constr. Co.* v. *Fireman's Fund Ins. Co.,* 420 F.2d 271, 277 (10th Cir. 1969).

2. The bank had asked to reach and apply in partial satisfaction of the past due notes the interest of Westboro (a limited partnership of which Herriott at the time was the sole general partner and his wife the sole limited partner) in some sixty-three acres of land in Westborough. Relief to that effect was contained in the judgment[4] in the case against The Landmark Group, Inc., the maker of two of the notes on which the bank brought suit. Herriott asserts that it was error to grant such equitable relief in the case against Landmark, to which Westboro was not a party; the equitable relief had been prayed for only in a companion case, in which Westboro had been named as defendant. Since the related action against Herriott and Westboro, which had lodged in Norfolk County, had been consolidated in Suffolk County with the action against Landmark and the cases were argued and briefed together, the error, if it was one, is entirely harmless, and, therefore, does not warrant disturbing the judgment. Mass.R.Civ.P. 61, 365 Mass. 829 (1974). No substantial rights of Herriott are affected. *United States* v. *South Carolina State Hy. Dept.,* 171 F.2d 893, 897 (4th Cir. 1948). A special master who first examined the summary materials found that funds loaned to Landmark had

---

[4] The judgment was drawn in terms so as to constitute a lien on the land in Westborough standing in the name of Westboro and so as to state that Herriott and The Landmark Group, Inc., were the equitable owners of that land.

been applied to acquisition of the Westboro land. Thus, the equitable relief sought was capable of fitting in the Landmark action niche as well and, under Mass.R.Civ.P. 54(c), 365 Mass. 821 (1974), the motion judge could grant that relief in the framework of the Landmark action because, conformably with the text of the rule, it afforded "the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." Mass.R.Civ.P. 54(c), 365 Mass. 821 (1974).

3. On the day this case was argued, counsel for the appellants did not appear. There did appear at argument, in addition to counsel for the plaintiff-appellee, an attorney who claimed to represent the defendant Westboro and who by written motion informed the court of the pendency of bankruptcy proceedings involving Westboro, for which that partnership had voluntarily petitioned in the United States Bankruptcy Court under Chapter 11 of the Bankruptcy Code. 11 U.S.C. §§ 1101-1112 (Supp. III 1979). The motion further asked that this appeal be stayed under § 362(a)(1) of the Bankruptcy Code. 11 U.S.C. § 362(a)(1) (Supp. III 1979).

Section 362(a)(1) of the Bankruptcy Code provides that the filing of a petition in bankruptcy shall operate as a stay of judicial proceedings "against the debtor." The appeal before this court, however, is not an action "against the debtor," i.e., Westboro, but was brought by the debtor. This distinction is more profound than just a choice of prepositions. It is the purpose of the stay provisions of § 362 to relieve a debtor of collection proceedings which would nullify the Bankruptcy Code's objective of orderly liquidations or reorganizations which treat creditors equally. See *David v. Hooker, Ltd.*, 560 F.2d 412, 417 (9th Cir. 1977); *Cornfeld* v. *Investors Overseas Servs., Ltd.*, 471 F.Supp. 1255, 1259-1260 (S.D.N.Y.), aff'd, 614 F.2d 1286 (2d Cir. 1979). H.R. Rep. No. 595, 95th Cong., 1st Sess. 340-342 (1977), reprinted in [1978] U.S. Code Cong. & Ad. News 5963, 6296-6299; S. Rep. No. 989, 95th Cong., 2d Sess. 49-51,

54-55 (1978), reprinted in [1978] U.S. Code Cong. & Ad. News 5787, 5835-5837, 5840-5841. In the instant case judgment against Westboro and the other defendants was entered some sixteen months before the bankruptcy proceeding commenced on April 28, 1980. Our determination of the correctness of those judgments as a matter of State law will not itself trigger collection proceedings against, or otherwise harass, the defendants. Westboro will feel the impact of our decision only at such time as the plaintiff moves for execution on the judgment. A stay of such a proceeding in the Superior Court would be required by § 362. But where, as here, the focus of the suit is relief other than the actual collection of a debt, the judicial proceeding need not be stayed because the order of this court will not interfere with the bankruptcy proceedings. *In re Shenberg,* 433 F.Supp. 677, 680 (N.D. Ill. 1977). Indeed our resolution of the issues brought before us clarifies for the Bankruptcy Court the creditor status of the plaintiff bank under Massachusetts law. See *Munson* v. *Boston, Hartford & Erie R.R. Co.,* 120 Mass. 81, 85 (1876).

*Judgments affirmed.*

*Motion for a stay of proceedings
in this court denied.*