**In re Theodore HALL, Debtor.**

**L. J. ARTHUR CO., Plaintiff,**

**v.**

**Theodore HALL and Margaret Graham, Trustee, Defendants.**

**Bankruptcy No. 80–02848G.**
**Adv. No. 80–0758G.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Jan. 27, 1981.

Harold Cramer and Arthur W. Lefco, Philadelphia, Pa., for plaintiff, L. J. Arthur Co.

Roland Atkins and A. Gilbert Douglass, Philadelphia, Pa., for defendant/debtor, Theodore Hall.

Margaret Graham, Philadelphia, Pa., trustee/defendant.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue presented herein is whether the plaintiff is entitled to reclaim goods in the debtor's possession which goods are owned by a third party and were subject to a sheriff's levy instituted by the plaintiff when the debtor illegally removed them from the premises of the third party. We conclude that, because the debtor has no interest himself in those goods, the plaintiff has established that his right to those goods is superior to that of the debtor or trustee and, therefore, the plaintiff is entitled to an order in reclamation.

The facts of the instant case are as follows:[1] Theodore Hall ("the debtor") is the principal officer and controlling party of a Pennsylvania corporation known as His Girl, Inc. ("the corporation") which, from June 25, 1973, until 1980, operated a women's wear retail store under the name "His Girl" in the Cedarbrook Mall in Wyncote, Pennsylvania. The corporation rented that store from L. J. Arthur Co. ("the plaintiff") under a written sublease agreement. From October, 1972, until the present time, the debtor has also operated, as a sole proprietorship, a women's wear retail store at 108

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

52nd Street, Philadelphia, Pennsylvania, also under the name "His Girl".

As of July 25, 1980, the corporation had defaulted in its obligations to the plaintiff under the sublease agreement by failing to pay rent and other charges when due. As a result thereof, the plaintiff caused a confession of judgment to be entered against the debtor on July 31, 1980, in the amount of $219,451.28 in the Court of Common Pleas of Philadelphia County, July Term, 1980, No. 4556 and against the corporation on August 6, 1980, in the same amount in the Court of Common Pleas of Montgomery County at No. 80–13681.

In early September, 1980, another creditor of the corporation, caused the sheriff of Montgomery County to levy upon the inventory, equipment and fixtures in the store owned and operated by the corporation at Cedarbrook Mall. On September 30, 1980, the sheriff of Montgomery County levied on the same property on a writ of execution pursuant to the plaintiff's judgment against the corporation. Sometime thereafter,[2] the debtor removed most of the inventory and equipment of the corporation from the Cedarbrook Mall store and transported them to the store operated by the debtor as a sole proprietorship in Philadelphia. After the debtor had removed the goods, the sheriff's sale in Montgomery County was held at which the plaintiff purchased all of the remaining goods for the sheriff's costs.

On November 3, 1980, the debtor filed a petition seeking to adjust his debts under Chapter 13 of the Bankruptcy Code ("the Code").[3] On November 28, 1980, the plaintiff filed a complaint in this court requesting (1) an injunction preventing the debtor[4] from using, selling, leasing or otherwise disposing of the corporation's goods; (2) an order directing the debtor to set aside,

account for and pay over to the plaintiff all of the proceeds from the sale of any goods; (3) an order granting the plaintiff relief from the automatic stay provided under § 362 of the Code to permit the plaintiff to take the necessary legal proceedings to obtain possession of the goods; and (4) an order providing the plaintiff with adequate protection of its interest in the goods by segregation of, and a lien on, the proceeds from the sale or disposition of the goods. The plaintiff also filed a motion for a temporary restraining order to prevent the debtor from disposing of the goods in the interim. After a hearing at which the debtor and his attorney failed to appear, we granted the plaintiff's request for a temporary restraining order.

■ Thereafter, at a trial, the debtor admitted that he had removed certain inventory and equipment from the corporation's store at Cedarbrook Mall and transferred it to the store owned and operated by him. He also testified that, pursuant to the temporary restraining order, he had segregated the inventory of the corporation from the inventory owned by him and had compiled a list of all of the goods which belonged to the corporation, which list he provided to the court. From that evidence we conclude that the debtor has no title or interest to the goods at issue. Therefore, we ordered that the temporary restraining order be made permanent and left it to the parties to endeavor to work out a satisfactory arrangement for the disposition of those goods. However, the parties have again appeared before us and have informed us that they have been unable to effectuate an amicable settlement of their differences. Accordingly, we directed both counsel to file proposed findings of fact and conclusions of law.

---

2. There was a dispute in the testimony as to when the debtor removed the goods. The debtor testified that he removed them prior to the sheriff's levy on September 30, 1980; however, Herman Lefco, the president of the plaintiff testified that the removal occurred after the levy. Further, the notice of the sheriff's levy listed considerably more than was left in the store after the debtor had removed the goods.

We find that the plaintiff's evidence on this point is the more credible.

3. The debtor filed individually. The corporation has not filed a petition for relief.

4. The complaint also named the chapter 13 standing trustee as a defendant.

■ While the plaintiff has filed an extensive, buckshot type memorandum of law, seeking remedies available (and unavailable) to it, the debtor, ignoring our order, and without explanation, has filed nothing, leaving us to speculate as to his legal position (if any). Our Local Bankruptcy Rule 18(e), designed to summarily dispose of such discourteous conduct, which impedes the work of this court and affronts its dignity, provides:

> (e) Where the referee directs the filing of briefs or requests for findings of fact and conclusions of law, failure to comply therewith within the time specified may be deemed an abandonment of the position of the defaulting party, and the petition or application may be granted or denied, as the case may be.

And so the debtor, by his own inaction, has sealed his own legal fate by waiving his right to have this case decided on its merits and our accompanying order will find for the plaintiff.

■ But, for all the debtor's failure to comply with this court's order to provide it with assisting findings, the plaintiff is, as a matter of law, not entitled to all of the remedies it seeks. For one thing, it is not entitled to relief under § 362(a) of the Code which stays any act to obtain possession of property of the estate. Obviously, the property which the plaintiff seeks to have relieved from the automatic stay was never the debtor's property and is not property of his estate. Section 362(a)(3) stays "any act to obtain possession of property of the estate or of property from the estate." Since there is no testimony or evidence that the property against which the plaintiff asserts its claim and from which it seeks relief from the automatic stay was ever or is now the property of the debtor or the debtor's estate, it is clear that the relief sought under § 362(d) is inapplicable.

■ What the plaintiff *is* entitled to is the *corporate* property, which was in the corporation's place of business, which was levied upon by the Sheriff of Montgomery County pursuant to the plaintiff's judgment, and which was surreptitiously and illegally removed by the debtor and comingled with his own assets. Although the plaintiff argues that the debtor removed many more articles than those listed by him in exhibits proffered by the debtor (and identified as Exhibits D–1, D–2 and D–3), the plaintiff concedes that it is unable to specifically identify any other property as having been so removed by the debtor.

■ We regard the plaintiff's effort to recover the specifically identified goods as being founded in reclamation. In such a proceeding, "anyone who considers himself better entitled to the possession of particular property than the bankruptcy receiver or trustee [or debtor] may apply to the court to have such property released to him." Remington on Bankruptcy, § 2474 at p. 284. The Court of Appeals for the Third Circuit has likened a reclamation proceeding to an action in replevin, brought under state law: *General Phonograph Corp. v. Fanning* (CCA3) 6 F.2d 115. As we have heretofore stated, the debtor was not the owner of the goods sought by the plaintiff and had not a scintilla of right to them. On the other hand, the plaintiff, on whose behalf the Sheriff had levied on the goods, had a right to their possession, so as to have them sold by the Sheriff. *See*: Collier on Bankruptcy, vol. 4A, ¶ 70.39 (14th Ed. 1978).