**In re Robert L. BARKSDALE, Bernice Barksdale, Debtors.**

**Bankruptcy No. 681–00904–D.**

United States Bankruptcy Court,
W. D. Virginia,
Danville Division.

Nov. 13, 1981.

Robert L. Barksdale and Bernice Barksdale, pro se.

J. L. Williams, Jr., Danville, Va., for Noteholder, Charles G. Smith.

James Goodson, III, Danville, Va., trustee.

**MEMORANDUM OPINION AND ORDER**

H. CLYDE PEARSON, Bankruptcy Judge.

The Debtors, pro se, filed motion with this Court in writing seeking contempt sanctions against deed of trust noteholder and indenture trustee for proceeding with foreclosure of real estate following the filing of the Debtors' petition in this Court and the invocation of the provisions of 11 U.S.C. § 362. Upon proper notice and hearing the Court makes the following findings and conclusions in the nature of this Memorandum Opinion.

The Debtors filed their joint petition in this Court at Lynchburg on October 19, 1981. Thereafter, the case was transferred to the Roanoke Division for administration. Upon the filing of the petition Judge Anderson of the Lynchburg Division entered an order staying proceedings pursuant to 11 U.S.C. § 362.[1] J. L. Williams, Jr., Esq., indenture trustee and counsel for the noteholder one Smith, through evidence of Mr. Smith and through statements by said counsel for the record, stated that since the property upon which foreclosure was sought was owned of record by one Robin Barksdale, daughter of the Debtors, and not being the property of the Debtors, that he proceeded with the foreclosure because his interpretation of 11 U.S.C. § 362 led him to the conclusion that the section did not stay the foreclosure proceeding. He determined this to be so even though it was for the purpose of collecting a debt of the debtors

---

1. It is agreed that all parties had notice of the petition filed, the stay of § 362 and the injunc- tive order.

from the proceeds of the foreclosure upon the real estate in question and, despite the fact that the Debtors occupied the premises with a possessory right.

The pertinent portions of 11 U.S.C. § 362 provides:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; . . .

(6) under subsection (a)(7) of this section, of the setoff of any mutual debt and claim that are commodity futures contracts, forward commodity contracts, leverage transactions, options, warrants, rights to purchase or sell commodity futures contracts or securities, or options to purchase or sell commodities or securities; . . .

It is apparent that the indenture trustee and counsel for the noteholder has misperceived the broad stay provisions of 11 U.S.C. § 362. The foregoing provision not only protects property of the estate but prohibits "any act to collect . . . or recover a claim against the debtor . . ." by the issuance or utilization of any proceedings or process. Hence, the foreclosure, although the record owner of the property was not the Debtors, nevertheless, the Debtors had a possessory right to the property and the debt sought to be satisfied was, in fact, a debt of the Debtors as contemplated by the foregoing provisions of 11 U.S.C. § 362. The stay, therefore, became effective upon the filing of the petition on October 19, 1981, prohibiting the acts complained of by the Debtors.

From the foregoing, it appears to the Court that the foreclosure proceeding had as its purpose the collection and satisfaction of a debt owing by the Debtors and prohib-

ited by the provisions of § 362. The foreclosure, therefore, was void and of no effect. *See In Re Mongiove* (Bkrtcy.S.D.Fla. 1980) 9 B.R. 34, also 2 Col. 362.11.

The foreclosure being in violation of the stay of 11 U.S.C. § 362 is, therefore, void, however, since counsel expressed good faith in construing the section, no sanctions will be herein imposed for the violation of the stay.

It is accordingly

ADJUDGED AND ORDERED that the foreclosure be, and the same is hereby adjudged void and, since no transfer of the property has been made pursuant to the foreclosure any further action to effect a transfer is accordingly enjoined with leave to the deed of trust noteholder to file an appropriate claim if not heretofore filed in this case, which shall abide such orders of confirmation or otherwise as may be hereafter issued by this Court.