Norman BARBER and Helen Barber,
Plaintiffs and Appellees,

v.

The EMPORIUM PARTNERSHIP, et
al., Defendants, Third–Party
Plaintiffs, and Appellants,

v.

N. George DAINES and Daines &
Kane, Third–Party Defendants
and Appellees.

No. 880410.

Supreme Court of Utah.

Oct. 16, 1990.

Rehearing Denied Nov. 16, 1990.

Raymond N. Malouf, Logan, for defendants, third-party plaintiffs and appellants.

N. George Daines, Logan, for third-party defendants and appellees.

N. George Daines, Logan, pro se.

DURHAM, Justice:

Appellants challenge a trial court order renewing a judgment against them and dismissing their counterclaim and third-party claim. They also challenge a judgment for sanctions against their attorney. We affirm but vacate the renewal of the judgment against Don White.

This case has a long and tortured history. Appellees Norman and Helen Barber originally filed a complaint in January 1979, seeking payment of a promissory note executed by appellants Von Stocking and Don White as general partners of The Emporium Partnership. In a judgment dated April 18, 1979, the trial court found for the Barbers and ordered appellants to pay the amount of the note plus interest. Appellants challenged the enforceability of that judgment in an appeal before the court of appeals. *Barber v. The Emporium Partnership*, 750 P.2d 202 (Utah Ct.App. 1988). They specifically challenged the award of post-judgment interest and attorney fees and the determination that the partnership agreement did not preclude recovery. That appeal was dismissed because it was untimely. *Id.* at 203.

As of March 1987, appellants still had not satisfied the judgment. The Barbers filed a complaint at that time to renew the judgment to avoid its lapse under the statute of limitations. Utah Code Ann. § 78–12–22 (1987). After appellants' motion to dismiss was denied, they answered the complaint and filed a counterclaim. In their counterclaim, they alleged that the Barbers failed to offset the judgment by the value of property purchased by the Barbers in an execution sale ($20,000). The Barbers purchased residential property in which they believed Raymond Malouf, one of the appellants here and also appellants' attorney, had an interest. The purchase was an attempt to recover part of their original judgment against Malouf, but his interest in the property was later disputed.

The Barbers then amended their complaint to add two causes of action, making the complaint for renewal their first cause of action. Their second cause of action included a request pursuant to rule 69(g)(2) of the Utah Rules of Civil Procedure for a judicial determination of whether the $20,-000 execution sale was valid.[1] Upon answering the amended complaint, appellants amended their counterclaim and added a third-party complaint against the Barbers' counsel for abuse of the legal system in pursuing the Barbers' claims.

The Barbers moved for partial summary judgment on their first cause of action and for dismissal of appellants' counterclaim and third-party complaint. They also moved for sanctions against Raymond Malouf as appellants' attorney for continuing to pursue settled issues. The trial court granted the Barbers' motion for partial summary judgment, dismissed the counterclaim and third-party complaint, and ordered Malouf to pay $3,000 in sanctions. The trial judge renewed the original judgment, finding $40,884.96 the total amount due.[2] The judge held that the issues raised in appellants' counterclaim and third-party complaint had no basis in law or fact because they had been disposed of in the trial court's previous rulings and the court of appeals' decision. The judge also noted that a later ruling would be made pursuant to Utah Rule of Civil Procedure 69(g)(2) as to whether the Barbers' bid on the Malouf interest in the residential property should be counted as a partial satisfaction of the judgment.

Appellants argue that renewal of the judgment against the partnership violated the automatic stay provisions of 11 U.S.C. § 362(a)(1), because the partnership was in bankruptcy when the action was initiated. This section provides an automatic stay for

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

---

**1.** The Barbers state in their brief that they are willing to credit this amount toward the judgment if the execution sale is found to be valid.

**2.** This amount included the principal plus accrued interest up to March 27, 1987. The trial judge's order also allowed for interest that would accrue from the date of the order. The trial judge subtracted from the total due an interest payment of $866.47 made by appellants on December 31, 1984.

The purpose of the automatic stay is to "protect the debtor from his creditors" by providing relief from collection proceedings which would "impair the debtor's ability to successfully reorganize under Chapter 11 and to fairly meet outstanding obligations to all creditors." *Rogers v. Rogers,* 671 P.2d 160, 164 (Utah 1983); *see also Utah Farm Prod. Credit Ass'n v. Labrum,* 762 P.2d 1070 (Utah 1988) (construing the automatic stay provisions in a case affirming an order finding attorney Raymond Malouf—coincidentally an appellant and attorney in this case—in contempt of court for unlawfully converting funds).

Although this court has never addressed the question of whether the automatic stay provisions apply to renewal of a judgment, there is other pertinent authority. The United States Court of Appeals for the Second Circuit recently held that the automatic stay provisions do not "prohibit acts to extend, continue, or renew otherwise valid statutory liens." The court explained its holding:

> Action by a lienholder [to extend a lien] does not result in an enlargement of the lien, nor does it threaten property of the estate which would otherwise be available to general creditors. To the contrary, extension under [the New York statute] simply allows the holder of a valid lien to maintain the status quo—a policy not adverse to bankruptcy law, but rather in complete harmony with it.

*In re Morton,* 866 F.2d 561, 564 (2d Cir. 1989).

State courts similarly have interpreted the automatic stay provisions. In *Marine Midland Bank v. Herriott,* 10 Mass.App. 743, 412 N.E.2d 908, 910 (Mass.App.Ct. 1980), the Massachusetts Appeals Court held that where "the focus of the suit [in the non-bankruptcy court] is relief other than the actual collection of a debt, the judicial proceeding need not be stayed because the order of [that] court will not interfere with the bankruptcy proceedings." The California Court of Appeal re-

lied on this language in *Barnett v. Lewis,* 170 Cal.App.3d 1079, 1088, 217 Cal.Rptr. 80, 85 (Cal.Ct.App.1985), noting that the automatic stay would not apply to an "action to renew a judgment [because it] would not have been a direct attempt to *collect.*"

■ An action to renew a judgment does not violate the automatic stay provisions of the bankruptcy code. A renewal is not an attempt to enforce, collect, or expand the original judgment. When the Barbers sought to renew their judgment against The Emporium Partnership, they were only trying to maintain the status quo by preventing the judgment's lapse under the statute of limitations. The original judgment against the partnership was final before the partnership went into bankruptcy. Renewing the judgment did not affect the partnership's assets or its ability to fairly deal with all its creditors and therefore was not automatically stayed.[3]

■ Appellants also argue, however, that renewal of the judgment as against the partnership was improper because the partnership was not served. Service on a limited partnership may be obtained through service on a general partner. *See* Utah R.Civ.P. 4(e)(5); *Summa Corp. v. Lancer Industries, Inc.,* 577 P.2d 136, 137 (Utah 1978). However, the service must be directed to the defendant partnership and intended as service on the partnership. Here, the summons and complaint were served only on an individual defendant, thereby bringing him in as a party. They were not served on him as an agent or representative of the partnership, and the partnership therefore never became a party.

■ Appellants challenge the renewal of the judgment because Don White, one of the general partners, was not served. It is true that the judgment against White cannot be renewed without proper service on him.[4] Failure to serve White, however, has

---

3. Of course, even if the Barbers' action against the partnership had been automatically stayed, the renewal judgments against the partners would not have been affected.

4. The Barbers concede that the judgment is joint rather than joint and several. Utah Code Ann. § 48–1–12 (1989). This means that each defen-

no effect on the renewal of the judgment against the two general partners who were served.[5] We therefore vacate the renewal of the judgment against White and against the partnership. We note, however, that service upon these parties can still be attempted. Utah Rule of Civil Procedure 4(b) provides, "In any action brought against two or more defendants on which service has been obtained upon one of them within [the proper time period], the other or others may be served or appear at any time prior to trial." *See Valley Asphalt, Inc. v. Eldon J. Stubbs Constr., Inc.,* 714 P.2d 1142, 1143 (Utah 1986). Because the other defendants were properly served and the trial court only granted a partial summary judgment, the Barbers can still try to serve White and the partnership at any time prior to final disposition of the case.

 Appellants argue that partial summary judgment was inappropriate because genuine issues of material fact exist and that dismissal of their counterclaim and third-party claim was incorrect because their claims were valid. After careful review of the record and the briefs, we reach the same conclusion as the trial court. In defense against the Barbers' first cause of action and in their counterclaim and third-party complaint, appellants have argued points which were decided either by the trial court in the original judgment or by the court of appeals in its review of that judgment. Appellants are now attempting to relitigate settled issues. For example, they maintain that the original judgment did not include interest up to the time of payment. However, the original judgment makes clear that the judgment includes interest, and the court of appeals' decision forecloses appellants from litigating the post-judgment interest issue ever again. The trial judge correctly granted partial summary judgment and dismissed appellants' counterclaim and third-party claim.

We also agree with the imposition of sanctions on Malouf. As the trial judge concluded, Malouf has "persist[ed] in pursuing and seeking remedies after all relevant legal issues have been settled," resulting in the Barbers' being "burdened by the expense of legal fees to answer matters that have previously been adjudicated." This litigation has continued since 1979 over a promissory note executed for a value which hardly justifies the time and money the parties and their attorneys have spent in handling the case or the court time it has required. The $3,000 sanction against Malouf is affirmed.

The trial court's order dismissing appellant's counterclaim and third-party claim is affirmed. The order renewing the original judgment is affirmed, except for the renewal of the judgment against the partnership and Don White—that portion of the renewal is vacated.

HALL, C.J., HOWE, Associate C.J., and STEWART and ZIMMERMAN, JJ., concur.

---

dant must be individually served in order to be liable.

5. Because the partnership and the other two general partners were properly made parties to the action, individual liability of the two part-

ners served is appropriate. *Palle v. Industrial Comm'n,* 79 Utah 47, 56, 7 P.2d 284, 288 (1932); cf. *McCune & McCune v. Mountain Bell Tel.,* 758 P.2d 914, 917 (Utah 1988).