Helen Diane McCARTHY, an individual, Plaintiff,

v.

Michael Heath JOHNSON, an individual, Rolling Stone (PTY) Ltd., Rolling Stone (S.A.), Johnson Geneva (USA) Ltd., and all predecessor and successor companies, Defendant.

No. 2:87–CV–0944–S.

United States District Court, D. Utah, Central Division.

Nov. 24, 1997.

Joseph E. Tesch, Dwayne A. Vance, David B. Thompson, Tesch Thompson & Ray, Park City, Robert D. Moore, Giauque Crockett Bendinger & Peterson, David A. Cutt,

Dewsnup King & Olsen, Salt Lake City, UT, for Plaintiff.

Paul T. Moxley, Moxley & Campbell, Kevin K. Kuramada, Robert S. Howell, Salt Lake Co. Attorney's Office, Loren D. Ronnow, Salt Lake City, UT, Judd Burstein, Robert N. Fass, New York City, for Defendant.

## MEMORANDUM DECISION

SAM, Chief Judge.

The court has before it plaintiff's motion to renew judgment pursuant to Fed.R.Civ.P. 69(a) and Utah Code Ann. § 78–12–22. By her motion, plaintiff seeks to renew the judgment she obtained against defendant Michael Heath Johnson on August 6, 1990 in the principal amount of $6,243,738.00 plus applicable interest. Mr. Johnson opposes the motion asserting that "since a request to renew a judgment is not a motion 'in aid of execution' of a judgment, Rule 69 does not authorize the relief sought". Defendant's Memorandum in Opposition, p. 2. Mr. Johnson further urges that, even if the court were authorized to renew the judgment pursuant to Rule 69, plaintiff's motion must still fail "because Utah law prohibits such renewal unless the plaintiff first secures personal jurisdiction over the defendant by the service of a new summons and complaint." *Id.*

The court disagrees with defendant's assertion that Rule 69 does not authorize the relief sought by plaintiff.

The governing law relating to the revival of judgments derives from statutes pertaining to execution. The law pertaining to money judgments is found in Fed. R. Civ. Pro. 69(a), which provides in pertinent part:

Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

*Urban Resorts Group v. Wheeler,* No. 82–2470, 1996 WL 28507 (E.D.La. Jan.22, 1996). *See United States v. Fiorella,* 869 F.2d 1425 (11th Cir.1989)(reasoning that, pursuant to Rule 69(a), Alabama law governed issue of revival of judgment). *See also* Fed.R.Civ.P. 81(b) ("Relief heretofore available by mandamus or scire facias may be obtained by appropriate action or by appropriate motion under the practice prescribed in these rules"). "The relief formerly available by scire facias included the revival of judgments ...". 12 Charles Alan Wright, Arthur R. Miller and Richard L. Marcus, Federal Practice and Procedure § 3134 (1997). The court is of the view that plaintiffs' motion pursuant to Rule 69 is an appropriate action under that rule. In any event and regardless of the specific rule cited by plaintiff, it appears clear to the court that revival of a judgment is relief available to plaintiff that she may pursue in this court by complying with Utah law. *See Donellan Jerome, Inc. v. Trylon Metals, Inc.,* 11 Ohio Misc. 265, 270 F.Supp. 996, 998 (N.D.Ohio 1967)("A proceeding to revive a judgment is not a new action but merely a motion in the original suit .... Unless a federal statute provides otherwise, the practice relative to the revival of dormant judgments is to be governed by state law"). The court is unaware of any federal statute that is applicable to the present situation. Utah law provides: "An action may be brought within eight years: (1) upon a judgment or decree of any court of the United States ...." Utah Code Ann. § 78–12–22. The foregoing Utah statute does not bar renewal or revival of a judgment by filing an action within the prescribed period. *Mason v. Mason,* 597 P.2d 1322 (Utah 1979).

Plaintiff contends that "[e]ither a motion to renew the judgment or an action for judgment on the outstanding balance of the prior judgment have become the common methods of renewing federal judgments." Plaintiff's Memorandum in Support, p. 2. As noted, absent a conflicting federal statute, Rule 69 proceedings are governed by the law of the state in which the district court resides. Defendant contends that Utah law provides that a judgment may be renewed only by com-

mencing a separate action through the filing and service of a separate complaint. The essence of defendant's position is that, for plaintiff to proceed with her renewal of judgment, the court must again have personal jurisdiction over him. As an alternative to renewal of her judgment by motion, plaintiff has filed a complaint for renewal of judgment under the same case number as the prior proceeding in which the judgment was entered. She states that she is willing to proceed to renew either by motion or complaint.

The procedure for reviving a judgment in Utah is not clear. The court is unaware of any Utah statute that directly addresses the matter. In the Utah case opinions surveyed by the court, renewal of a judgment has apparently proceeded by the filing of a complaint and its service on the judgment debtor. *See e.g. Barber v. Emporium Partnership*, 800 P.2d 795 (Utah 1990); *Cox Corp. v. Vertin*, 754 P.2d 938 (Utah 1988); *Guenther v. Guenther*, 749 P.2d 628 (Utah 1988); *Orton v. Adams*, 21 Utah 2d 245, 444 P.2d 62 (Utah 1968); *Campbell v. Peter*, 108 Utah 565, 162 P.2d 754 (Utah 1945). Indeed, there is the suggestion in Utah case authority that there are only two basic legal proceedings available on a money judgment, a law suit for a new judgment, or an execution proceeding to collect the judgment. *See Yergensen v. Ford*, 16 Utah 2d 397, 402 P.2d 696, 698 (Utah 1965)(in the context of holding that partial payment on a judgment lien within eight years did not extend the lien, the court stated: "A money judgment forms the basis for but two legal proceedings: (1) a suit thereon, brought within eight years, wherein it forms the basis or chose in action for a new judgment, or (2) some form of proceeding in execution for collection."). However, in view of the following discussion, which the court believes to be the most recent published pronouncement of a Utah court on the subject, the court can see no sound reason why a renewal of judgment may not proceed by motion with appropriate service on the judgment debtor.

Thomas first argues that an action to renew a judgment is an action separate from the action out of which the judgment arose.

.     .     .     .     .

Thomas urges this court to consider a renewal proceeding a separate action because it is commenced by the filing of a new complaint and summons. *See* Utah R. Civ. P. 3(a). We refuse to do so. It is clear in the instant case that the renewal judgment appealed from arises, ultimately, from the same cause of action that culminated in the original judgment. Thus, we could consider the renewal action a collateral proceeding .... However, we believe the better line of reasoning, which is followed by Utah and the majority of American jurisdictions, treats a renewal action as simply a continuation of the original proceeding.

Under Utah law, "[a] renewal is not an attempt to enforce, collect, or expand the original judgment." *Barber v. Emporium Partnership*, 800 P.2d 795, 797 (Utah 1990)(holding that an action to renew a judgment against a debtor does not violate the automatic stay provisions of the Bankruptcy Code). Instead, in seeking to renew a judgment, a party is "only trying to maintain the status quo by preventing the judgment's lapse under the statute of limitations." *Id.* Accordingly, Utah law treats a renewal action, at least in other contexts, as merely a continuation of the original proceeding and not as a new and independent action.

The adherence of American jurisdictions to this position is unmistakable in cases dealing with questions of in personam jurisdiction. *See, e.g., Bank of Edwardsville v. Raffaelle*, 381 Ill. 486, 45 N.E.2d 651, 653 (1942)(action to renew a money judgment is not a new suit but a continuation of the old one); *Bahan v. Youngstown Sheet & Tube Co.*, 191 So.2d 668, 670 (La.App.1966)(proceeding to revive a money judgment entered against a nonresident judgment debtor is not a new action but is only a proceeding to continue the original action); *State v. Kirkwood*, 361 Mo. 1194, 239 S.W.2d 332, 334 (1951)(en banc)(action to revive a divorce is not a new action but is merely a continuation of and supplementary to the original proceeding); *Kronstadt*

*v. Kronstadt,* 238 N.J.Super. 614, 570 A.2d 485, 487–88 (1990)(process to revive a judgment for support arrearages and partial property settlement is simply a continuation of the original action); *Berly v. Sias,* 152 Tex. 176, 255 S.W.2d 505, 508 (1953)(action to renew a money judgment is not an independent suit but merely a continuation of the original suit); *Duffy v. Hartsock,* 187 Va 406, 46 S.E.2d 570, 574 (1948)(proceeding to revive a judgment lien against real estate is to be treated as a continuation of the original suit). Likewise, the connection between the original action and the renewal action in the instant case is simply too close to ignore merely because a new complaint is filed and a new civil number assigned to the renewal action.

It is immaterial whether we designate a renewal proceeding as a continuation of the original proceeding or as a collateral order.

*Von Hake v. Thomas,* 858 P.2d 193, 196 (Utah App.) *cert. granted,* 868 P.2d 95 (1993), *opinion after remand on other grounds,* 881 P.2d 895 (Utah App.1994). Given what the court believes to be the present posture of Utah law on the subject, the court cannot say that the procedure followed by plaintiff is improper. To conclude otherwise would exalt form over substance. *Polk v. Tully,* 97 Nev. 27, 623 P.2d 972 (Nev.1981). Moreover, in those states with statutes "[i]t appears that most statutes provide for revival by a motion in the original action". *Id.* 632 P.2d at 973 n. 3.

The court, therefore, having considered plaintiff's motion to renew judgment and there being no dispute as to the judgment being valid, or having been satisfied in whole or in part or otherwise discharged, the motion is granted. *See United States v. Plant,* 56 F.R.D. 613, 615 (W.D.Ark.1972)("Generally defenses available in motions to revive a judgment are that there is no judgment to revive, that the judgment has been paid or otherwise discharged, or that the judgment is void"). Plaintiff is requested to prepare an appropriate order for the court's signature.