## MIRMAN v WEBSTER

Ohio Appeals, 9th Dist, Summit Co

No 2174. Decided Feb 13, 1933

May & May, Akron, for plaintiff in error.

E. F. Mooneyham, Akron, for defendant in error.

FUNK, J.

It will be noted that the order was made upon the "pleadings and statements of counsel" and that there is no bill of exceptions. We thus have no way of knowing what the statements were upon which the court acted.

It is contended that the defendant Mary Mirman was a minor at the time the note was signed, and that the judgment against her was therefore void, and that it was error for the court to refuse to permit her to show that fact.

Assuming that the judgment would be void for that reason, it will be noted that defendant's answer said she was a minor under 21 years of age at the time the note was signed. At that time a female was of ·legal age at 18 years of age, and the answer does not show she was under 18 years of age at the time the note was signed, and there being no bill of exceptions, this court has no way of knowing whether or not the statements of counsel showed defendant to be under 18 years of age at the time of signing the note. We must therefore assume that the statements of counsel were such as to warrant the court in making the order it did.

We may further say that there was no claim that the other defenses set forth in the answer of said Mary Mirman were such as to make the judgment void, but only voidable. We hold that such defenses could not be raised on a motion to revive the judgment.

8 C.C. 70, Nestlerod v Foster.

61 Neb. 374, Stover v Stark.

93 Kan. 33, Chumos v Chumos.

While they could, of course, be set forth in an answer tendered to show a valid defense in proceedings to vacate the judgment, the proper place to prove them would be at the trial after the judgment had been suspended.

Under the record in this case, the judgment will have to be affirmed.

WASHBURN, PJ, concurs.

STEVENS, J, not participating.