**DONELLAN JEROME, INC., Plaintiff,**

v.

**TRYLON METALS, INC., Albert A. Taft and John D. Buckley, Defendants.**

**No. 7933.**

United States District Court
N. D. Ohio, W. D.

July 26, 1967.

C. David Cox, Jr., Toledo, Ohio, for plaintiff.

John W. Edwards, Columbus, Ohio, for defendants.

## MEMORANDUM

DON J. YOUNG, District Judge.

Plaintiff corporation received a judgment against defendants in the United States District Court for the Northern District of Illinois, Eastern Division in 1953. In 1958, a transcript of the judgment was filed in this Court. This Court thereafter entered a conditional order of revivor of the judgment which had become dormant. Said order was effective to revive the judgment on or about March 7, 1967.

On March 24, 1967, this Court issued an order for execution against the person of the judgment debtor, Albert A. Taft. Pursuant to the Ohio statutes concerning body execution, the judgment debtor was permitted to file a bond of two property holders in Allen County, Ohio and was allowed his freedom within the prison bounds, which was construed to mean the counties comprising the Western Division of the Northern District of Ohio. Subsequently, the motion of Taft in the District Court in Illinois to set aside the original judgment was denied. A motion to vacate that order was also denied.

The judgment debtor has now filed two motions seeking his release. The first is a motion asking this Court to vacate its previous order of revivor. The reason given is that the plaintiff corporation in whose favor the original judgment was entered, and in whose name the judgment was revived, was not a legal entity and accordingly had no standing to appear before the Court. Attached to this motion is a certification by the Secretary of State of Indiana that the Articles of Incorporation of plaintiff were revoked on December 17, 1965, "for failure of payment of Annual reports."

Plaintiff has opposed by characterizing the motion as simply a harassment technique, but has called the Court's attention to no authorities.

■ The question involved herein has nothing to do with the capacity of a party to sue. Plaintiff is not bringing a suit in this Court. A proceeding to revive a judgment is not a new action but merely a motion in the original suit. This question must therefore be decided by reference to the specific procedures regarding revival of judgments.

■ Unless a federal statute provides otherwise, the practice relative to the revival of dormant judgments is to be governed by state law. 7 Moore, Federal Practice 2419; Miller v. United States, 160 F.2d 608 (9th Cir. 1947); United States for Use and Benefit of Grohne v. English Const. Co., 95 F.Supp. 763 (S.D.N.Y.1951). Since the judgment has been registered in Ohio, the state law applicable in this case is the law of Ohio. There is no specific statutory provision in Ohio governing this situation but one Court of Appeals held that an action to revive a dormant judgment may be instituted in the name of the original plaintiff, a corporation, even though such corporation is now defunct. Foster Screen Co. v. Brigel, 27 Ohio Law Abs. 704, 31 N.E.2d 699 (Ct.App. Hamilton Co. 1937). There can be no prejudice to the judgment debtor by such a procedure. If the judgment has passed to another in the windup of the corporation, the debtor can protect himself by raising this at sometime in the proceeding. The holding of this Court will be that the judgment was properly revived in the name of the plaintiff.

■ The second motion is to stay the execution of the judgment heretofore revived for the reason that this defendant has filed an independent action in the United States District Court for the Southern District of Indiana, Indianapolis Division against the plaintiff praying for equitable relief from said judgment. The complaint in the Indianapolis court prays that the judgment be declared null and void, and that

Donellan Jerome, Inc., be enjoined from enforcing this judgment. It should be noted that not only may a federal court entertain an original action to grant relief from its own judgment, but it may also enjoin the enforcement of a judgment by another federal court. United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93 (1878); Hadden v. Rumsey Products, 196 F.2d 92 (2d Cir. 1952). By entertaining such an action a court is not interfering with the processes of another court and is not vacating the latter's judgment. It is merely exercising its jurisdiction over the holder of the judgment. 7 Moore, Federal Practice ¶60.36 (1966). These remarks should not be construed as expressing any view as to the merits of the action in the Indiana court.

Rule 62 of the Federal Rules of Civil Procedure states several grounds upon which a court may stay the execution of a judgment. Subdivision (b) of that rule provides that the court "[i]n its discretion and on such conditions for the security of the adverse party as are proper" may stay execution of a judgment pending the disposition of several enumerated types of motions, one of which is a motion for relief from a judgment made pursuant to Rule 60. Rule 60 provides several grounds for relief from a judgment and also states that it does not limit the power of a court to entertain an independent action to relieve a party from a judgment. The question therefore is whether a court may stay the execution of a judgment pending the disposition of an independent action as well as a Rule 60 motion. In Butler v. Ungerleider, 101 F.Supp. 379 (E.D.N.Y.1951), the court issued a stay where an independent action to set aside the judgment had been brought in the same court. The opinion is not entirely clear but it would appear that it reaches the logical result. If the judgment debtor is successful in his independent action, the judgment will be unenforceable, just as it would under a Rule 60 motion. Furthermore, this Court can see no basis in reason for a contrary holding, simply because the

independent action has been brought in another court rather than the court where the judgment is registered.

Rule 62(b) does not require the court to grant a stay in all cases, but provides that the court may grant relief in its discretion and on such conditions for the security of the adverse party as are proper. The judgment debtor has already tried and failed to have the judgment set aside in Illinois. Under the circumstances of this case, the Court believes that a stay should be granted only on condition that the judgment debtor file a bond in the nature of a supersedeas bond in the amount of twice the judgment with interest and costs, the condition of which should be that if Taft is unsuccessful in his independent action in the District Court in Indiana, he and his surety will be bound unto plaintiff corporation for the amount of the judgment, with interest and costs.

An order will be entered overruling the motion of defendant Taft to vacate the order of revivor and sustaining the motion to stay execution of the judgment on the conditions set forth above.