OPINION
Defendant-appellant, Neal D. Jones, appeals the judgment entry of the Warren County Court of Common Pleas reviving a dormant judgment against him. The decision of the trial court is affirmed.
In June 1984, appellant was convicted of aggravated burglary, gross sexual imposition, and two counts of rape. He was sentenced to fifteen to twenty-five years in prison and ordered to pay court costs. In the course of his appeal of the convictions, appellant filed several affidavits of indigency with the trial court.
Appellant was incarcerated at the Lucasville Correctional Institution in April 1993 when the inmate riots occurred. As the result of a subsequent lawsuit brought by a group of inmates against the state, appellant received a judgment against the state for his loss of property and for personal injury.
On December 28, 1999, the Warren County prosecuting attorney filed a motion to revive judgment, seeking to collect payment of $1,314.12 in court costs from appellant which remained outstanding. The motion contained instructions directing the clerk to serve appellant personally at the Chillicothe Correctional Institution ("CCI") where appellant was an inmate. The Ross County Sheriff's Office served the CCI records clerk on January 6, 2000, and appellant received the notice of the hearing on the following day.
A hearing on the motion was originally scheduled for January 7, 2000, the day appellant received notice. However, this hearing was postponed, and on January 11, 2000 the trial court reset the hearing for January 21, 2000. Appellant filed an objection to the motion to revive on January 12, 2000, and a memorandum in opposition on January 20, 2000.
The trial court entered its judgment on January 21, 2000, reviving the June 5, 1984 judgment against appellant. Appellant appeals, raising three assignments of error.
Assignment of Error No. 1:
 Due process required the State to give actual notice to the Appellant, who is incarcerated in a state penal institution. Notice sent to the facility where Appellant is incarcerated, by itself, is insufficient. When a revival procedure is improperly sought, such action has no force or effect. Art. I, § 16, Ohio Constitution; 5th Amendment, United States Constitution.
 In his first assignment of error, appellant contends that he was improperly served with the state's motion to revive judgment.
The state's motion to revive judgment was filed on December 28, 1999 and contained instructions that the clerk personally serve appellant at CCI. The motion also contained a notice that the matter was set for hearing on January 7, 2000. The Ross County Sheriff's Department received the request to serve appellant on January 4, 2000, and on January 6, 2000, the Ross County Sheriff's Department served the motion to revive judgment and notice of hearing on the CCI records clerk.
Appellant received the motion and notice of hearing on January 7, 2000 from the CCI records clerk. Although a hearing on the matter was scheduled for the same day, the court postponed the hearing until January 21, 2000. Nevertheless, appellant contends that the service was improper and that he should have been served by regular mail.
Civ.R. 4.2(D) provides that service of process shall be made "[u]pon an individual, confined to a penal institution of this state or of a subdivision of this state, by serving the individual * * *." The legislative intent underlying the statute, as indicated by the staff note, is that prison officials will deliver or permit delivery of service of process to the prisoner. Therefore, we find that personal service upon an incarcerated individual is proper when made on an authorized prison official.
The CCI records clerk delivered the state's motion to appellant as contemplated by the rule. Appellant was notified of the existence and nature of the proceeding and given an opportunity to respond. Accordingly, we find that appellant was properly served and overrule the assignment of error.
Assignment of Error No. 2:
 The decision to revive the judgment is based on the unjustifiable standard of arbitrary classification. The Appellant's equal protection of statutory and constitutional rights are violated. RC §§ 2311.27 and 2311.28; Art. I, § 2, Ohio Constitution; 9th and 14th Amendments, U.S. Constitution.[1]
 In his second assignment of error, appellant argues that the reviver action was filed because of his status as a survivor of the Lucasville prisoner riots. Appellant contends that the state is selectively filing reviver actions against those prisoners who received money as a result of the lawsuit the prisoners brought against the state.
It is well-settled that the government is subject to constitutional restraints in its choice of those whom it may prosecute. When a law is "applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights," there is a denial of equal protection of the laws. Statev. Flynt (1980), 63 Ohio St.2d 132, 134, quoting Yick Wo v. Hopkins
(1886), 118 U.S. 356, 373-74, 6 S.Ct. 1064, 1073.
However, the conscious exercise of some selectivity in enforcement is not by itself a constitutional violation. Flynt at 134, citing Oyler v.Boles (1962), 368 U.S. 448, 456, 82 S.Ct. 501, 505. Rather, in order for selective enforcement to reach the level of unconstitutional discrimination the discrimination must be "intentional or purposeful."Flynt at 134, quoting Snowden v. Hughes (1944), 321 U.S. 1, 8,64 S.Ct. 397, 401.
In order to support a defense of selective or discriminatory prosecution,
 a defendant bears the heavy burden of establishing, at least prima facie, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.
 Flynt at 134, quoting U.S. v. Berrios (C.A.2, 1974), 501 F.2d 1207, 1211. Merely showing that "another person similarly situated was not prosecuted is not enough; a defendant must demonstrate actual discrimination due to invidious motives or bad faith." State v. Freeman (1985), 20 Ohio St.3d 55, 58. Intentional discrimination will not be presumed from a showing of differing treatment. Id.
Applying these principles to the present case, we conclude that appellant has failed to meet his prima facie burden. Appellant has failed to present evidence that the state's attempt to collect the judgment against him is based on any impermissible consideration. It is certainly within the state's discretion to pursue judgments against only those convicted felons who possess assets adequate to satisfy the judgment sought. The assignment of error is overruled.
Assignment of Error No. 3:
 The State does not present a costs bill that complies with RC § 2949.14 with its original motion to revive dormant judgment. The costs bill that is submitted to DRC for collection pursuant to RC § 5120.133 is not certified by the Clerk of Courts, nor the Prosecuting Attorney in 1984. Violating RC § 2949.14. [sic]
 In his final assignment of error, appellant contends that the judgment against him is invalid because the cost bill was not certified by the clerk and prosecutor in 1984, but rather was certified by both the clerk and the prosecutor in 1999.
R.C. 2949.14 requires that
 [u]pon conviction of a nonindigent person for a felony, the clerk of the court of common pleas shall make and certify under his hand and seal of the court, a complete itemized bill of the costs made in such prosecution * * *. Such bill of costs shall be presented by such clerk to the prosecuting attorney, who shall examine each item therein charged and certify to it if correct and legal. Upon certification by the prosecuting attorney, the clerk shall attempt to collect the costs from the person convicted.
 In the present case, the cost bill was not certified in 1984, at the time of appellant's conviction. Instead, the cost bill which was attached to the state's motion for reviver was certified by the prosecutor and the clerk near the time that the reviver motion was filed, nearly sixteen years after appellant's conviction.
A proceeding to revive a judgment is not a new action, but merely a motion in the original action. Donellan Jerome, Inc. v. Trylon Metals
(N.D.Ohio. 1967), 11 Ohio Misc. 265, 270 F. Supp. 996. Consequently, an alleged error in the rendition of the judgment may not be offered in defense in a proceeding to revive judgment. Lathrem v. Foreman (Ohio App. 1954), 145 N.E.2d 837, 838. Rather, a collateral attack against a judgment must be made directly on appeal or through a motion to vacate judgment. Id. at 838-839; Mirman v. Webster (Ohio App. 1933), 13 Ohio Law Abs. 734 (defenses which would render a judgment voidable cannot be raised on a motion to revive judgment). Appellant did not appeal or otherwise directly attack the costs judgment. Appellant is therefore precluded from collaterally attacking the validity of the costs judgment in defending against the state's motion to revive judgment.
Appellant also contends that it was improper to revive the costs judgment because it is more than sixteen years old. However, contrary to appellant's contention, the legislature clearly anticipated that the revival statute would operate to allow collection of costs from criminal defendants after serving prison sentences. R.C. 2325.18 specifically provides that the state may attempt to revive a judgment against a convicted defendant as much as fifteen years following the completion of the defendant's sentence. Since appellant is still serving his prison sentence, the state is not time barred from pursuing the revival of the costs judgment. Appellant's third assignment of error is overruled.
The decision of the trial court is affirmed.
POWELL, P.J., and WALSH, J., concur.
[1] We note that R.C. 2311.27 and 2311.28 were repealed effective July 1, 1971 and therefore have no applicability to the present cause.